IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARCTEC, LLC,**

    **Plaintiff,**

v.

**JOHNSON & JOHNSON and
CORDIS CORPORATION,**

    **Defendants.**                                                         **Case No. 07-cv-825-DRH**

**ORDER**

**HERNDON, Chief Judge:**

    Before the Court is the Parties' Joint Motion for Entry of Judgment. (Doc. 210). In the Motion, the Parties point out that the Court's Summary Judgment Order (Doc. 178) and the Clerk's judgment (Doc. 179) did not address Defendant Cordis Corporation's counterclaim against Plaintiff. Defendant's Motion for Summary Judgment failed to request action by the Court on its Counterclaim and the Court erred in its approval of the Judgment herein to notice that the Counterclaim was yet outstanding and had not been dealt with by the pleadings, nor the Court's ruling. The Parties jointly request that the Court dismiss the counterclaim, without prejudice so the appeal can proceed.

A pending counterclaim ordinarily prevents a judgment from being final and precludes appeal. ***In re Berke*, 837 F.2d 293 (7th Cir. 1988)**. A dismissal, without prejudice, normally does not count as a appealable final judgment because the case can be re-filed. ***See, e.g., Doctors Associates, inc. v. Duree,* 375 F.3d 618, 622 (7th Cir. 2004); *Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir. 2001)**. Moreover, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . ." **FED. R. CIV. P. 54(b)**. Where the claims set forth in a counterclaim are a "mirror image" of the claims set forth in the Complaint, i.e., where the complaint and counterclaim are merely the parties' opposed interpretations of the same claim, Rule 54(b) is inapplicable. ***Olympia Hotels Corp. v. Johnson Wax Development Corp.*, 908 F.2d 1363, 1368 (7th Cir. 1990); *Automatic Liquid Packaging, Inc. V. Dominik*, 852 F.2d 1036, 1037-1038 (7th Cir. 1988)**.

The pending counterclaim means that there is no final, appealable judgment in this case. The Court and the Parties failed to note the pending counterclaim at the time summary judgment was entered and in the weeks before Plaintiff filed the Notice of Appeal on July 10, 2009. (Doc. 185). In fact, even after Plaintiff filed the Notice of Appeal, the error of a "final judgment" being entered with a still-pending counterclaim was not caught. It was not until the Parties filed the instant motion that the Court recognized the error. Dismissing the counterclaim, <u>without prejudice</u>, as the Parties' Joint Stipulation requests will not resolve the issue. ***Supra***. The

counterclaim must be fully and finally resolved before final judgment can be entered and the case can proceed on appeal.

In some cases, Rule 54(b) might provide a way out of the situation this case currently finds itself. However, that is not the case here because of the nature of the pending counterclaim. In the case at bar, Cordis Corporation's counterclaim is essentially a mirror image of Marctec's Complaint. The Complaint alleges patent infringement by Defendants and seeks a judgment finding that infringement along with monetary damages and an injunction prohibiting Defendants from future infringement. (Doc. 2). Cordis Corporation's counterclaim, on the other hand, seeks (a) dismissal of the Complaint, with prejudice; (b) declaratory judgment stating that it did not infringe upon Marctec's patents; (c) declaratory judgment stating that each of Marctec's patent claims is invalid and unenforceable; and (d) an injunction prohibiting Marctec from asserting the patents against Cordis in the future. (Doc. 33). In sum, the counterclaim and the complaint not only have substantial factual overlap, but are essentially the same claim. Thus, a judgment pursuant to Rule 54(b) cannot be entered or at least is not warranted.

Defendant's counterclaim is still pending and must be resolved before the Court may enter final judgment. Until such time, the case is not appealable and the Court of Appeals will likely dismiss the case for lack of appellate jurisdiction. For the reasons set forth above, the Court (a) **DENIES** the Parties Joint Motion for Entry of Judgment (Doc. 210) ; (b) **VACATES** the judgment entered on June 15, 2009 (Doc. 179); and (c) **DIRECTS** the Clerk of Court to forward a copy of this Order to

the United States Court of Appeals for the 7th Circuit.

**IT IS SO ORDERED.**

Signed this 9th day of September, 2009.

/s/     David R Herndon

**Chief Judge
United States District Court**