IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARCTEC, LLC,**

    **Plaintiff,**

v.

**JOHNSON & JOHNSON and
CORDIS CORPORATION,**

    **Defendants.**                                           Case No. 07-cv-825-DRH

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

### I.  INTRODUCTION AND BACKGROUND

Before the Court is the Parties' Joint Motion for Reconsideration of the Court's September 9, 2009 Order.  (Doc. 220).  In the Court's September 9th Order (Doc. 217), the Court denied the Parties Joint Motion for Entry of Judgment (Doc. 210) and vacated its prior judgment (Doc. 179).  The Parties Joint Motion for Entry of Judgment requested that the Court dismiss the pending invalidity counterclaims, without prejudice, and enter final judgment so the case could proceed on appeal (Doc. 210).  The Court's reasons for denying the Parties' previous Joint Motion for Entry of Judgment was that under the circumstances of this case, applicable 7th Circuit case law does not permit a final judgment based on a dismissal, without prejudice.  Moreover, the Court vacated its prior judgment because of the pending counterclaim.

The Parties now move the Court to reconsider that Order. The Parties first point out that the Court entered its previous Order "without the benefit of briefing from the parties." The Parties argue that Federal Circuit case law governs this appeal rather than the 7th Circuit case law upon which the Court based its previous order. The Federal Circuit, the Parties argue, permits a district court to enter "final" judgment in a patent infringement case even where a pending invalidity counterclaim is merely dismissed, without prejudice. ***See, e.g., Liquid Dynamics Corp. V. Vaughan Co.*, 355 F.3d 1361, 1370-1371, (Fed. Cir. 2004); *Nystrom v. TREX Co.*, 339 F.3d 1347, 1350-1351 (Fed. Cir. 2001)**.

## II. ANALYSIS

**Federal Rule of Civil Procedure 59(e)** provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." ***LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)(citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986))**. The Parties Joint Motion to Reconsider is based upon a purported "manifest error of law" in the Court's September 9th Order.

Before addressing the Parties' principal argument, the Court must address the Parties' statement that the Court entered its previous Order "without the benefit of briefing." The Court notes that the Parties did have the opportunity to brief this issue in their Joint Motion for Entry of Judgment. (Doc. 210). Rather than doing so,

the Parties not only did not cite any applicable Federal Circuit case law in support of their Joint Motion, they did not cite any case law at all.  It is not the Court's duty to conduct legal research on behalf of the Parties, especially when they move for relief in contradiction of the law of this Circuit.  If the Parties wished the Joint Motion to be granted, it was incumbent upon them to cite the applicable legal authority supporting entry of the requested relief.  The time to cite law supporting a Motion is in the Motion itself, and not after the fact in a Motion to Reconsider.  The Court admonishes the Parties to heed those lessons in the future.

Regarding the Parties' principal argument, the Court's evaluation of those cases the Parties rely upon is that they permit this Court to enter the relief requested, but do not require it.  ***See Nystrom v. TREX Co.*, 339 F.3d 1347, 1350-1351 (Fed. Cir. 2001).**  In fact, the *Nystrom* case expressly allows the decision this Court made in response to the Parties' Joint Motion.  *Id.*   Thus, the only manifest error of law was that the Court denied the Parties Joint Motion (Doc. 210) based upon the mistaken belief that the relief requested was not within its authority.  Nonetheless, that is sufficient error to satisfy Rule 59(e).  Thus, the  Parties' Motion is well taken and should be granted.

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** the Parties Joint Motion to Reconsider (Doc. 220).  Defendants' counterclaims, to the extent they are based upon a claim of patent invalidity, are **DISMISSED, WITHOUT PREJUDICE**.  The

Court **DIRECTS** the Clerk of Court (**a**) to enter judgment on the Complaint in favor of Defendants Cordis Corporation and Johnson & Johnson and against Plaintiff, Marctec, LLC; (**b**) to enter judgment on Defendants' counterclaims for declaratory judgment of patent non-infringement in favor of Defendants Cordis Corporation and Johnson & Johnson and against Marctec, LLC; (**c**) to enter judgment, dismissing, without prejudice, Defendants' counterclaims for declaratory judgment of patent invalidity; and (**d**) to forward a copy of this Order and the judgment to the United States Court of Appeals for the Federal Circuit.

**IT IS SO ORDERED.**

Signed this 23rd day of September, 2009.

/s/    David R Herndon
**Chief Judge**
**United States District Court**