IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARCTEC, LLC,

      Plaintiff,

v.

JOHNSON & JOHNSON and
CORDIS CORPORATION,

      Defendants.                             Case No. 07-cv-825-DRH

## MEMORANDUM & ORDER

HERNDON, Chief Judge:

### I. Introduction

      Before the Court is Defendants' Motion to Tax Costs (Doc. 183), to which Plaintiff has responded in opposition (Doc. 186) and Defendants have replied (Doc. 199). Defendants move pursuant to FEDERAL RULE OF CIVIL PROCEDURE 54(d) and LOCAL RULE 54.2. Initially, Defendants sought an Order awarding their taxable costs in the total amount of $80,625.81. Defendants submitted their bill of costs, showing the categorical breakdown for their expenses, along with the appropriate declaration and supporting documentation. Plaintiff objects to several cost items for which Defendants seek reimbursement, arguing that the Court should reduce the recoverable costs to an amount of no more than $27,732.51, as it believes the

remainder of the taxable costs sought by Defendants are improper and non-taxable. In their Reply, Defendants concede that some of the objections raised by Plaintiff have merit and thus, in an effort "to avoid unnecessary disputes," reduces its request for an award of costs by $20,642.55, thereby amending the total amount sought to be taxed as $59,983.26. Acknowledging Plaintiff's agreement to amend the amount sought, the Court will only address those costs which remain in dispute.

Taxable costs are allowed pursuant to **28 U.S.C. § 1920**.[1] In this case, the Court will also follow the guidance provided by its own Local Civil Rule 54.2 regarding taxation of costs ("Civ. L. R. 54.2").[2] However, it is within the district

---

[1] **28 U.S.C. § 1920 Taxation of Costs**, states in pertinent part:

A judge or clerk of any court of the United States may tax as costs the following:
> **(1)** Fees of the clerk and marshal;
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and copies of papers necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under
> section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

[2] **Civ. L .R. 54.2** states:

Not all trial expenses are taxable as costs. Only those items authorized by law may be taxed as costs. Costs shall be taxed in accordance with Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

Federal Rule of Civil Procedure 54(d)(1) provides that costs (other than attorneys' fees) should be allowed to the prevailing party, unless a federal statute, rule, or court order otherwise directs. Rule 54(d)(1) further provides that such costs may be taxed by the Clerk of Court "on 14 days' notice." Opposing counsel will be allowed 14 days (from the date notice is given by the Clerk) in which to file any objections. If no objections are filed within the 14 day period, the Clerk of Court will tax the appropriate costs. If objections are timely filed, the matter will be reviewed and resolved by the presiding judge.

court's discretion to determine which costs Defendants seek fall within the ambit specifically recognized by law and whether these claimed expenses are also reasonable, given the circumstances. **See State of Ill. v. Sangamo Construction Co., 657 F.2d 855, 863-64 (7th Cir. 1981)**.  A separate analysis will be conducted of each category of Defendants' claimed costs to determine whether they are properly taxable and if so, in what amount.

Originally, Defendants sought an award for the following costs (Doc. 183):

| | |
|---|---|
| **Court reporter/transcript fees** | **$67,599.69** |
| **Witness fees** | **$    440.00** |
| **Exemplification/copying fees** | **$  8,100.00** |
| **Other costs** | **$  4,486.12** |
| **Total Costs** | **$80,625.81** |

Defendants have now amended their request to seek an award for the following costs (Doc. 186):

| | |
|---|---|
| **Court reporter/transcript fees** | **$47,431.53** |
| **Witness fees** | **$    440.00** |
| **Exemplification/copying fees** | **$  8,100.00** |
| **Other costs** | **$  4,011.73** |
| **Total Costs** | **$59,983.26** |

Reviewing Plaintiff's objections with Defendants' amended request for taxable costs, the Parties are in agreement as to the $440.00 sought for witness fees and the $4,011.73 sought for "other costs."  What remains in dispute is the amount Defendants seek for court reporter/transcript fees as well as the exemplification/copying fees.

1.    **Court Reporter/Transcript Fees**

The Parties actually agree on the amount of $23,280.78 that should be taxed for court reporter fees.  In fact, this amount is the maximum Plaintiff believes should be taxed regarding any fees for court reporters and deposition transcripts. Defendants, on the other hand, also seek to have their costs for obtaining expedited transcripts for three of Plaintiff's expert witnesses, in the amount of $1,540.00.  In addition, Defendants seek costs in the amount of $22,610.75 incurred for videotaping their depositions.

a.    **Expedited Transcripts**

Defendants have agreed to limit their request for costs for expedited deposition transcripts to only the depositions of three of Plaintiff's experts: Dr. Batich, Dr. Denardo and Dr. Sojka, totaling $1,540.00 (Doc. 199, p. 4).  Defendants explain the need for the expedited processing and delivery fees for these particular depositions were because they occurred within one week of the close of expert discovery and shortly before the due date for all dispositive motions and their reply in support of their motion for summary judgment of noninfringement (*Id.*).  Thus, their time to review the transcripts if they had not been expedited would have been

Page 4 of 9

limited (*Id*.).  Although ordinarily expedited costs are not taxable, when it becomes necessary due to the discovery deadlines and the Parties' actions in the course of litigation, a court may allow reimbursement.  The Court find Defendants' reason for requiring the expedited processing and delivery to be reasonably necessary, incurred as part of the ordinary course of this litigation, and therefore will not strike this taxable amount for the expedited processing and delivery fees for the three aforementioned depositions in the amount of **$1,540.00**.

**b.      Videotaped Depositions**

Defendants also seek to be reimbursed for their expenses for videotaping depositions in the amount of $15,502.25, along with "incidental video-related expenses" in the amount of $7,108.50.  Plaintiff objects, asserting that Defendants have not made a showing that videotaping the depositions were "reasonable and necessary" to the litigation nor did they use the videotaped depositions during the litigation (Doc. 186, p. 6).  Defendants first assert that it is not required that depositions be actually used in the summary judgment motion or at trial to be "necessary" and thus, taxable, citing to a previous opinion issued by this Court (Doc. 199, p. 1).  Next, Defendants offer the Seventh Circuit opinion of ***Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699 (7th Cir. 2008)**, for their position that now, expenses for *both* the video recording and transcripts of depositions can be recovered by the prevailing party (Doc. 199, p. 2).  Lastly, Defendants appear to claim that Plaintiff is disingenuous in its objection, as it too,

videotaped all of the depositions it took in this case.  Along those lines, Defendants also assert that the related expenses are reasonably necessary as "videotaped depositions are not readily usable during a trial unless the videotape is synchronized with the transcript and converted to a readily usable format" (Doc. 199, p. 2).

While the Court agrees that ***Little*** has found it proper to allow both the expenses for the videotaping of a deposition and its corresponding stenographic transcript, the Court still believes that the holding ***Little*** did not omit the "reasonably necessary" requirement.  Here, though it is unnecessary for Defendants to have actually used the depositions to prevail on the claims construction and subsequent summary judgments, it must show that at the time of taking the depositions, it was deemed to be reasonably necessary to the litigation.  ***See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1410 (7th Cir. 1991)***.  As Judge Reagan held in ***Jackson v. United Parcel Service, Inc., No. 07-450, 2008 WL 5244846 (S.D. Ill. Dec. 16, 2008) (Reagan, J.)***, this Court believes the better approach is to maintain the requirement that Defendants show how the depositions were reasonably necessary at the time they were taken (considering the facts then known), as well as why videotaping these depositions was reasonably necessary.  It is not enough to merely claim justification because the other Party videotaped theirs as well.  Accordingly, the Court sustains Plaintiff's objection to Defendants' request for reimbursement for expenses associated with videotaping depositions, finding Defendants failed to show such expenses were reasonably necessary.  As such,

Defendants' request for the taxation in the amount of $22,610.75 is stricken.  As such, the only taxable costs associated with depositions will be the agreed-upon amount of $23,280.78 plus the amount of $1,540.00, incurred for the three expedited transcripts, for a total amount of **$24,820.78**.

2.    **Exemplification & Copying Fees**

Defendants seek to recover $8,100.00 for fees billed by Animation Technologies for "Trial Site Manager" (Doc. 183, Ex. 2).  Plaintiff objects to this cost, arguing that although the statute and rules allow for costs regarding copying and exemplification of documents to be taxed, Defendants have not shown how this expense was reasonably necessary (Doc. 186, pp. 8-9).  Defendants contend that this expense was incurred for the preparation and presentment of its graphics during the *Markman* hearing (Doc. 199, pp. 2-3).  While Plaintiff characterizes this computer-generated slide presentation as superfluous "glitz," Defendants believe costs may be reimbursed for such multi-media presentations displayed to the Court, citing ***Cefalu v. Village of Elk Grove*, 211 F.3d 416, 429 (7th Cir. 2000)** in support.  They believe the statute and rules allow for litigants to take advantage of technological advances  Further, Defendants contend the presentation was "reasonable and well-suited to the facts of this case."  Lastly, Defendants explain that they are unable to offer a more comprehensive breakdown of this expense, as that is all their third party invoice shows (Doc. 199, p. 3).

The Court must overrule Plaintiff's objection to this expense for

exemplification.  Regarding Defendants' slide show presentation for the *Markman* hearing, the Court believes that providing an effective presentation of the matter during a hearing (or at trial) in order to aid the fact finder *is* a reasonable necessity. In fact, the undersigned's web page encourages parties to fully utilize the courtroom's technology, which allows for computer-generated slide show presentations.  In other words, the statute and rules do not only encourage the archaic means of trying a case if a party elects to do otherwise, as long as it is not deemed too over the top.  In this case, Defendants' presentation was not mere "glitz" and as such, is properly taxable in the amount of **$8,100.00**.

### III.  Conclusion

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Tax Costs (Doc. 183).  The following costs shall be taxed against Plaintiff as shown:

| | |
|---|---|
| **Court reporter/transcript fees** | **$24,820.78** |
| **Witness fees** | **$    440.00** |
| **Exemplification/copying fees** | **$  8,100.00** |
| **Other costs** | **$  4,011.73** |
| **Total Costs** | **$37,372.51** |

**IT IS SO ORDERED.**

Signed this 22nd day of February, 2010.

/s/  David R Herndon
**Chief Judge**
**United States District Court**